FRANK E. CRAWFORD *v.* KIRK BROMLEY, ADMR.

Special Term at Rutland, November, 1935.

Present: POWERS, C. J., MOULTON, THOMPSON, and SHERBURNE, JJ., and BUTTLES, Supr. J.

Opinion filed January 7, 1936.

*J. A. Crowley* for the defendant.

*V. J. Loveland* for the plaintiff.

SHERBURNE, J. This is an action to compel the administrator of the estate of M. F. Millard to deed to the plaintiff certain real estate pursuant to an agreement between the plaintiff and M. F. Millard, whereby Millard agreed to convey to the plaintiff upon the completion of the payment of the total sum of $1,200.00 and interest. The only dispute between the parties is as to the amount paid by the plaintiff during Millard's lifetime. Decree was for the plaintiff and the defendant has appealed.

The only questions briefed are the exceptions to two separate findings as follows:

> "4. On the date that the written contract mentioned in the foregoing finding number three was entered into Mr. Crawford delivered and paid over to Mr. Millard as a part payment on the purchase price for the premises mentioned in said contract two one hundred dollar liberty bonds, and from this time on down to 1929 Mr. Crawford made various payments to apply on the principal and interest on the purchase price of said premises."

> "6. March 6, 1929, Mr. Millard wrote Mr. Crawford a letter setting forth the balance due under the contract as then being two hundred

> dollars, and the Chancellor finds the amount due on March 6, 1929, under said contract as stated by Mr. Millard in said letter, namely, the sum of two hundred dollars.''

To the first of these the defendant excepted upon the ground that there is no evidence in the case to support said finding other than the testimony of the plaintiff, and that said finding is not justified in view of all the evidence. To the second he excepted upon the ground that said finding is not supported by the evidence and is contrary to the weight of the evidence.

■ ■ As to finding No. 4 the defendant now complains that the finding is unsupported by the evidence, because he says it is based upon the uncorroborated testimony of the plaintiff, who never received any receipts and never kept any record of his payments, but relied solely upon his very uncertain memory, as to amounts and dates of payments over a period of time commencing fifteen years ago. He further says that the plaintiff earned a small salary and had a constantly increasing family. These circumstances, however, go only to the credibility and weight of his testimony, which were matters for the chancellor to decide. No objection was made to the competency of the plaintiff as a witness because the other party to the contract had deceased. He did not have to be corroborated, although an examination of the transcript shows that he was corroborated to some extent.

■ All that the defendant says about finding No. 6 in his brief is to call our attention to the appearance of the letter referred to, especially the manner in which the paper upon which it is written, purporting to be the full context of a letter, is torn so that the interpretation put upon it by the chancellor is made by a sequence of the last word on the front of the paper and the first word on the back. This is all that the defendant says about this letter. He makes no attempt to point out why or how it should be interpreted differently or how he claims the tear affects the true meaning. From our inspection of the letter we think the chancellor's conclusion a reasonable one, especially in view of the plaintiff's testimony as to the balance then due.

■ The defendant claims that the evidence in support of these two findings constitutes a mere scintilla. In view of what

we recently said in *Perkins* v. *Vermont Hydro-Electric Corp.,* 106 Vt. 367, 399, 177 Atl. 631, it is unnecessary to redefine the quantity and character of the evidence necessary to support a finding. It is sufficient to state that we are satisfied that the quantity and character of the evidence was such as to justify the chancellor, acting reasonably, to make these findings.

*Decree affirmed, and cause remanded.*